UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREN GUANCIONE,<br>        Plaintiff<br><br>        v.<br><br><br><br><br><br>MARY CIUFFITELLI,<br>        Defendant | :<br>:<br>:   Civil Action No. 07-3202(KSH)<br>:<br>:<br>:ORDER ON INFORMAL<br>:APPLICATION & AMENDED<br>:<u>SCHEDULING ORDER</u><br>:<br>: |

    **THIS MATTER** having come before the Court by way of letters dated April 3, 2008 and April 10, 2008, regarding the defendant's request for an extension of the deadline to serve interrogatories and document demands and to convene another settlement conference;

    and the Court having considered the letters;

    and it appearing that good cause exists to briefly extend the deadline and that no prejudice will occur because the Court will provide a commensurate extension for the plaintiff to respond and no other deadlines are impacted by the request;

    and the defendant requesting that the Court convene another settlement conference because she has obtained new information that may facilitate a resolution of the matter;

    and the plaintiff indicating that she is willing to speak with defendant about settlement and is willing to participate in another settlement conference is necessary;

    and the Court setting a date for such a conference in the event court-assistance is needed and for good cause shown,

    **ORDERED THAT:**

1. The request for an extension of the deadline to serve interrogatories and document demands is granted;

2. The defendant and plaintiff's counsel shall confer about possible settlement;

3. If the parties are unable to resolve the dispute, then the parties and counsel shall appear before the Undersigned on **May 13, 2008 at 2:30 p.m.**

**IT IS FURTHER ORDERED THAT:**

1. Fact discovery shall be completed no later than **June 5, 2008**. No discovery shall be issued or engaged in after that date.

   a. Plaintiff shall provide the defendant with the information required by Fed. R. Civ. P. 26(a)(1) and a copy of the rule no later than **deadline passed.**

   b. Defendant shall provide the plaintiff with the information required by Fed. R. Civ. P. 26(a)(1) no later than **deadline passed.**

   c. The parties may serve interrogatories limited to **25** single questions including subparts and requests for production of documents on or before **April 10, 2008**, to be responded to no later than **May 5, 2008.**

   d. The number of depositions to be taken by each side shall not exceed 10. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated. Depositions shall be completed no later than **June 5, 2008**.

   e.  I. Affirmative expert reports shall be disclosed no later than **May 15, 2008.**

   ii. Responsive expert reports shall be disclosed no later than **June 16, 2008.**

   iii. Expert depositions shall be completed no later than **June 27, 2008.**

2.  No motion to compel discovery or to resolve a discovery dispute shall be entertained unless a letter outlining the dispute is submitted before **May 22, 2008.**

3.  Any and all motions to add parties and/or to amend pleadings shall be filed not later than **April 25, 2008**. The parties are barred from moving to add parties or amend pleadings thereafter.

4.  Counsel for all parties and any pro se litigant shall serve on counsel for all other parties and any other pro se litigant a copy of every pleading or other document submitted to the Court and shall include with any such pleading or document, a certificate of service, which shall recite what pleading or document is being served, the party on which it is served, and the date of service. Any pleading or document that the Court receives which fails to include such a certificate of service may be disregarded by the Court. Furthermore, pleadings not properly filed with the Clerk of the Court may be disregarded by the Court.

5.  On or before **July 10, 2008**, the plaintiff shall submit a narrative written statement of the facts that will be offered by oral or documentary evidence at trial, a list of all exhibits to be offered into evidence at trial, and a list of the names and addresses of all witnesses plaintiff intends to call at trial, together with a summary of their anticipated testimony. The plaintiff shall submit an original and one copy of the above to the undersigned and shall serve a copy on counsel for all other parties and any pro se litigant and shall submit a certificate of service reciting the date of service and the parties on which it was served.

6.  On or before **July 24, 2008**, each other party shall submit to the undersigned an original and one copy of a narrative written statement of the facts that will be offered by oral or documentary evidence at trial, a list of all exhibits to be offered into evidence at trial, and a list of the names and addresses of all witnesses it intends to call at trial, together with a summary of

their expected testimony.  The parties shall submit an original and one copy of the above to the undersigned and shall serve a copy on counsel for all other parties and any pro se litigant and shall submit a certificate of service reciting the date of service and the parties on which it was served.

   7. Failure to fully disclose in the written narrative statement the substance of the evidence to be offered at trial will result in exclusion of that evidence at trial.  The only exceptions will be: (a) matters which the Court determines were not discoverable at the time of preparation of the pretrial statement, and (b) matters to be used solely for impeachment purposes.

   8. A Final Pretrial Order, incorporating the written submissions of all parties, shall be filed on or after **July 28, 2008.**

   9. a. Any party seeking to file a dispositive motion must request a conference to discuss such a motion before it is filed.  If leave is granted, then any and all dispositive motions must be filed no later than **August 8, 2008**.  Any response shall be submitted no later than **August 18, 2008** and any reply shall be submitted no later than **August 25, 2008**.  The return date shall be **September 2, 2008** before the Hon. Katharine S. Hayden.  Her Honor's chambers will advise the parties if oral argument will be required.

    b. If leave is granted to file a summary judgment motion, the following protocol shall apply:

     i. Each motion for summary judgment shall be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried.  Each fact asserted in the statement shall be supported by a record citation.  A "record citation" is a citation to a specific page or paragraph of identified record material supporting the assertion.

ii. Each response in opposition shall be accompanied by a <u>separate</u>, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation.

iii. In the event a party seeks to submit a reply, the party shall file a formal request for permission to do so within the time period provided by Local Rule, attaching the proposed reply. Accompanying the proposed reply shall be a <u>separate</u>, short, and concise statement of material facts <u>which shall be limited to any additional facts submitted by the opposing party.</u> The reply statement shall admit, deny or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts, and unless a fact is admitted, shall support each denial or qualification by a record citation.

iv. Facts contained in a supporting or opposing statement of material facts, if supported by record citations, shall be deemed admitted unless properly controverted. The Court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The Court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

v. Local Rules governing length, font-size, and format of moving, opposing and reply briefs shall continue to apply as appropriate. Parties shall provide the Court with two hard copies of all submissions by delivering same to the Clerk's Office, Attention Judge Katharine Hayden.

10. Failure to appeal to the District Court from any order issued by the undersigned, see Local Civil Rule 72.1(c)(1), may preclude the aggrieved party from securing judicial review of that order on appeal to the Court of Appeals for the Third Circuit from a final judgment or order.

11. All parties and counsel shall advise the Clerk of the Court in writing of any change of address within 15 days of said change of address.

12. A settlement conference shall take place on **May 13, 2008 at 2:30 p.m.**  Clients with full settlement authority are required to personally appear at the conference.

**13.    FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN SANCTIONS.**

s/Patty Shwartz
**United States Magistrate Judge**